Hughes, Circuit Judge,
concurring in the denial of the petition for panel rehearing.
For the reasons expressed in my dissent in Versata Development Group, Inc. v. SAP America, Inc., 793 F,3d 1306, 1336-43 (Fed. Cir. 2015) (Hughes, J., concurring-in-part and dissenting-in-part), I continue to believe that Versata was incorrectly decided. I further believe that Cuozzo Speed Technologies, LLC v, Lee, — U.S. —, 136 S.Ct. 2131, 195 L.Ed.2d 423 (2016) confirms that our review of the Patent Trial and Appeal Board’s decision should be limited to the ultimate merits of the patent validity determination and should not, with narrow exception, extend to any decisions related to institution. Those exceptions may include the rare circumstances where the agency acts unconstitutionally or in complete disregard of the limits on its statutory authority. See Cuozzo Speed Techs., 136 S.Ct. at 2141; see also Versata, 793 F.3d at 1342 (Hughes, J., concurring-in-part and dissenting-in-part) (“Even' when a statute clearly demonstrates Congress intended to bar judicial review of agency action generally, courts have recognized an ‘implicit and narrow’ *930 exception for agency action that plainly violates an unambiguous statutory mandate.” (citations omitted)). An exception does not apply in instances where the court disagrees with the agency’s discretionary exercise of its explicit statutory authority. As I pointed out in Versata, if an agency can be said to be acting without statutory authority whenever this court disagrees with the board’s decision on any of the statutes related to institution, then the bar on judicial review is essentially eviscerated and is morphed into a bar on interlocutory review of the institution decision and nothing more. 793 F.3d at 1340 (Hughes, J., concurring-in-part and dissenting-in-part). And that, of course, cannot be what Congress intended because such interlocutory review would have been unavailable even -without the addition-of 35 U.S.C. § 324(e).
That said, I concur in the denial of panel rehearing. In Wi-Fi One, LLC v. Broadcom Corp., Case No. 15-1944, the en banc court is set to revisit the scope of an ánalogous bar on judicial review from inter partes proceedings in light of the Supreme Court’s decision in Cuozzo. Our decision there and any subsequent Supreme Court review will likely affect the question of whether Versata is and should remain good law. Thus, rehearing here is unnecessary.